IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Leo McClam**, | ) | C/A No. 3:07-20-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| **Cpt. Franklin Almey; Sgt. Baker; Sgt. E. Mosley;** | ) | |
| **Security Guard Stevenson; Fred Power; E. Salman** | ) | |
| **Watson; Nicolas Depance; Mr. Ramsey; Ms. Sandra** | ) | |
| **Scott; Ms. Paula Bridget; James Smith; and Nurse** | ) | |
| **Bailry**, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      Plaintiff, who is involuntarily civilly committed with the South Carolina Department of Mental Health SVP program, and proceeding *pro se,* filed a civil rights complaint concerning deliberate medical indifference pursuant to 42 U.S.C. § 1983.[1]  The complaint appears to name several employees of the South Carolina Department of Mental Health as defendants.[2]  By Order dated January 12, 2007, plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process.  Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal.  The time to bring this case into proper form has lapsed. Pursuant to this Court's operating order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), this action is now before the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

undersigned for a report and recommendation. Plaintiff has failed to provide anything requested in the Proper Form Order, and, therefore, has failed to comply with an order of this Court.

<u>Recommendation</u>

It is hereby recommended that this case should be **dismissed** *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). **Plaintiff's attention is directed to the important notice on the next page.**

                                                  s/Joseph R. McCrorey
                                                  United States Magistrate Judge

November 21, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3